# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DESTINY BOUND MANAGEMENT  )
                                   )
     Plaintiff,             )
                                   )
v.                           )         CV417-112
                                   )
RANDALL WILLIAMS         )
                                   )
     Defendant.           )

## REPORT AND RECOMMENDATION

*Pro se* defendant Randall Williams has filed a Notice of Removal of a dispossessory action against him in the Magistrate Court of Chatham County, Georgia. Doc. 1. He also seeks leave to proceed *in forma pauperis*. *See* doc. 2. For jurisdictional purposes only, the Court **GRANTS** his motion.[1]

This is the second time in two years that Williams has removed a dispossessory action filed against him to this Court, on the basis of

---

[1] Williams' motion, at best, ambiguously supports his indigence. He states that he is currently employed, and that his gross pay is $3,500, but his take-home pay is only $1,500, on a "semi-weekly" basis. *See* doc. 2 at 1. He has listed expenses and debts, but has failed to follow the form's instructions to provide their amounts. *See id.* at 2. The Court is not sure what "semi-weekly" payment amounts to, or why the discrepancy between his gross and take-home pay is as large as he claims, but, his regular employment and failure to fully disclose his obligations would ordinarily lead the Court to inquire further into his financial status. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013). However, as discussed below, given Williams' litigation history and the obvious frivolity of his removal notice, the Court will not waste any further time or resources.

verbatim allegations of the state-court pleadings' "fail[ure] to allege compliance with the Civil Rights Act of 1968," and his "multiple habitability issues as well as discrimination issues." *Compare* doc. 1 at 2, ¶ 6, *with Robinson v. Williams*, CV416-099, doc. 1 at 2 ¶ 6 (S.D. Ga. April 29, 2016). As the Court said before, his allegations "at best make[] a laughable attempt to plead a federal-question-jurisdictional basis." *Robinson*, CV416-099, doc. 6 at 2, reported at 2016 WL 5723699. His identical allegations again "attempt[] to invert his own pleading burden by pretending that [the plaintiff] 'really' filed 'a Federal Question Action in County Court.'"[2] *Id.*; *see also* doc. 1 at 2 ¶ 5. His bare assertion that

---

[2]  The party removing an action bears the burden of establishing federal jurisdiction. *See, e.g., Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). Removal jurisdiction is narrowly construed, with all doubts resolved in favor of remand. *See Mann v. Unum Life Ins. Co. of Am.*, 505 F. App'x 854, 856 (11th Cir. 2013); *see also Vulcan Steel Structures, Inc. v. Murphy*, 2015 WL 13413348 at * 2 (M.D. Ga. Aug. 4, 2015). "Absent diversity of citizenship, federal-question jurisdiction is required," and its "presence or absence . . . is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (citing, *inter alia*, *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.")). The "summons" that Williams has filed with his Notice of Removal states only that the plaintiff/landlord demands past due rent and late fees. *See* doc. 1-1 at 1. Landlord-tenant disputes about rent are generally matters of state law. *See Am. Homes 4 Rent Props. Eight, LLC ISAOA v. Green*, 2015 WL 5043222 at * 2 (S.D. Ga. Aug. 25, 2015) (remanding removed dispossessory action despite allegation of violation of three specific federal provisions, because those "claims were not present on the face of Plaintiff's complaint and thus cannot be considered for purposes of federal question

the dispossessory action puts "the rights of the Defendants [sic] . . .
clearly at stake," doc. 1 at 1-2 ¶ 8; *see also* CV416-099, doc. 1 at 2 ¶ 8, is
(again) not enough to establish that the original pleading raises a federal
question.

Williams' allegations have not improved since he raised them last
year. This case, like that one, "is simply a plain vanilla, 'dispo-writ'
action (over his failure to pay rent)." CV416-099, doc. 6 at 2; *see* doc. 1-1
at 1 (Chatham County Magistrate "Summons of Dispossessory"
indicating failure to pay rent). As the Court pointed out, his notice "cites
*no* valid legal support," for removal. *Id.* at 3. Thus this removal, like
that one, is "patently frivolous." CV416-099, doc. 6 at 2. The Court,
therefore, should **REMAND** this case to the Magistrate Court of
Chatham County.

---

jurisdiction.") (citing *Nguyen v. Hinton*, 2015 WL 3407856 at * 2 (N.D. Ga. May 26,
2015) (stating that a dispossessory action is "fundamentally a matter of state law");
*Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (a
dispossessory claim is "exclusively a matter of state law")).

Williams invokes, with no explanation, the Civil Rights Act of 1968, plus bare
assertions of "discrimination issues," before declaring that "the [unidentified] rights
of the Defendants [sic] are clearly at stake." Doc. 1 at 2-3 ¶¶ 6, 8. That's just "[p]ure
applesauce." *King v. Burwell*, __ U.S.__, 135 S. Ct. 2480, 2501 (2015) (Scalia, J.,
dissenting).

The Court also warns Williams that it has the power to sanction litigants, including the imposition of monetary penalties, for wasting its time and resources.  *See, e.g.*, Fed. R. Civ. P. 11(c); *Maleutea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (recognizing courts' inherent power to control proceedings before them, including imposing monetary sanctions for bad faith conduct).  Williams has been told, and now told again, that his removal notices are facially frivolous. Further trips down this road will lead the Court to conclude that his conduct is not merely frivolous, but sanctionable.  The Court will also consider applying the same special case handling restrictions that it has successfully implemented to manage other abusive filers. *See Williams v. Darden*, 2016 WL 6139926 at * 2 (S.D. Ga. Oct. 21, 2016); *Smith v. Chatham County District Office*, 2016 WL 1128226 at * 1 (S.D. Ga. Mar. 21, 2016).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and

Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  26th  day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA